IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| CAROL SUSAN KERSENBROCK, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 07-1044-MLB |
| | ) | |
| STONEMAN CATTLE CO., LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

**INTRODUCTION**

　　This case arises from alleged violations of environmental law as embodied in the Clean Water Act (the "CWA")and the Solid Waste Disposal Act (the "SWDA"), as well as several state law claims.  The case presently comes before the court on Defendant Stoneman Cattle Co., LLC's motion to dismiss for lack of federal subject-matter jurisdiction.  For reasons stated herein, Defendant's motion to dismiss is DENIED.

**FACTS**

　　Defendant owns and operates a confined animal feeding operation for cattle in Allen, Kansas.  Defendant holds a valid National Pollution Discharge Elimination System permit. Plaintiff owns and lives upon land immediately adjacent to land used by Defendant as part of its feedlot operations.  Plaintiff's property is bordered to the north and east by property used by

Defendant for grazing and waste disposal.  Plaintiff has a five-acre pond located on the northern portion of her property, and an unnamed natural watercourse that runs from east to west across the southern portion of her property, feeding into Allen Creek.

As part of its operation, Defendant uses a center-pivot irrigation system to distribute waste liquids onto the property for fertilization purposes.  Plaintiff alleges that Defendant operates, and has previously operated, this irrigation system in a manner which violates its NPDES permit.  Plaintiff further alleges that Defendant stockpiles solid waste upon its property in a manner that violates its NPDES permit.  As a consequence of these, and other alleged permit violations, Plaintiff claims that her pond, stream, and property itself have been contaminated with cattle waste, and that her use and enjoyment of her property have been impaired.  Plaintiff's claim under the Clean Water Act, 33 U.S.C. 1251 *et seq.*, is based upon the violations affecting the stream along the southern portion of Plaintiff's property, which flows into a "water of the United States."  Plaintiff's claim under the Solid Waste Disposal Act, 42 U.S.C. 6945, is based upon alleged contamination of Plaintiff's pond, which is a "water of the State."

Defendant alleges in its motion to dismiss that the court lacks federal subject-matter jurisdiction, and should therefore

dismiss the federal claims and remand the case to State court.[1]

**STANDARD**

Federal courts are courts of limited jurisdiction, available to exercise their power only when specifically authorized to do so. See Sellens v. Telephone Credit Union, 189 F.R.D. 461, 465 (D. Kan. 1999).  Pursuant to the Federal Rules of Civil Procedure, a party may move for dismissal based upon a court's "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  The Tenth Circuit has noted that Rule 12(b)(1) motions may take on two forms, either a "facial" attack or a "factual" attack.  See Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  A "facial" attack questions the sufficiency of the complaint whereas a "factual" challenge contests those facts upon which the subject matter rests.  Bryce v. Episcopal Church in the Diocese of Colorado, 121 F. Supp. 2d 1327, 1334 (D. Colo. 2000). In determining whether subject-matter jurisdiction exists, the court need not limit its inquiry to the pleadings, but may also review affidavits and other documents, and hold a limited evidentiary hearing in order to establish that jurisdiction is proper.  See U.S. v. Rodrigues Aguirre, 264 F.3d 1195 (10th Cir. 2001).

---

[1] In spite of Defendant's demand for relief, this case was not removed to federal court; therefore, there is no court to which the case can be remanded.

**ANALYSIS**

    **a. Standing to Bring Citizen Suit Under CWA**

The Clean Water Act specifically creates a private right of action under certain circumstances. "Any citizen" may "commence a civil action on his own behalf-(1) against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation under this chapter." 33 U.S.C. 1365(a). In addition to 1365(a), a plaintiff must also meet Article III's case or controversy requirement in order to establish federal jurisdiction. Defendant urges that Plaintiff does not meet the case or controversy requirement of Article III, and is therefore not eligible to bring suit. In order to satisfy this requirement, Plaintiff must show that:

> "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

Friends of the Earth v. Laidlaw Envtl Services, 528 U.S. 167, 181 (2000). Plaintiff satisfies each of these three elements, and therefore, has standing to bring suit under the CWA.[2]

---

[2] The court rejects Defendant's related argument that the allegations of Plaintiff's First Amended Complaint are "conclusory" and would not pass muster under the Supreme Court's recent decision in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). Bell Atlantic deals only with pleading requirements in the highly complex context of an antitrust conspiracy case. It does not announce a general retreat from the notice pleading requirement of Fed.R.Civ.P. 8(a).

### i. Injury in Fact

Defendant argues that Plaintiff lacks standing to sue because she has failed to demonstrate "injury in fact." In support of this argument, Defendant cites cases showing that injury in fact is established by demonstrating that plaintiffs "use the affected area and are persons 'for whom the aesthetic and recreational values of the area will be lessened' by the challenged activity." Laidlaw Envtl Services, 528 U.S. at 183 (citing Sierra Club v. Morton, 405 U.S. 727, 735 (1972)).

Laidlaw is distinguishable from the present case because the Laidlaw plaintiffs did not own property affected by the alleged pollution. As recreational users, they needed to meet a higher burden to show that they did indeed possess an interest in the affected area, beyond just a general interest in conservation. Plaintiff need not meet such a high standard since her interest in the area is well-established. Plaintiff has owned and resided upon the affected property since 1995. One court has held that the fact that some plaintiffs owned property, recreated, or resided in the vicinity of where alleged pollution was occurring conferred standing to bring a citizens' suit. Student Pub. Interest Research Group of New Jersey, Inc. v. Monsanto, 600 F.Supp. 1479, 1482 (D. NJ 1985). Such ownership and residence is sufficient to meet the minimum standing requirements to satisfy a motion to dismiss.

### ii. Traceable Injury

Defendant argues that, in order to establish that her injury is fairly traceable to defendant's discharge, Plaintiff will need to demonstrate that Defendant has "(1) discharged some pollutant in concentrations greater than allowed by its permit (2) into a waterway in which the plaintiff[] ha[s] an interest that is or may be adversely affected by the pollutant and that (3) the pollutant causes or contributes to the kinds of injuries alleged by the plaintiff[]." Interest Research Group of New Jersey, Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64, 72 (3d Cir. 1990), cert. denied, 498 U.S. 1109 (1991). Defendant argues that Plaintiff has failed to demonstrate a discharge in excess of that allowed by the NPDES permit.

Plaintiff has made specific allegations of discharges into the stream along the southern portion of her property. Defendant has denied these allegations. Thus, whether or not these discharges are in excess of the concentrations permitted by the NPDES permit is a question of fact to be resolved by a fact-finder.[3] In addition, Plaintiff claims that her property and water are contaminated by cattle waste. She claims that she owns no cattle, that no cattle have been kept on her property, and

---

[3]In addition, it appears that Plaintiff is alleging that the permit only allows discharges upon Defendant's property, not into the stream. If this is the case, then any discharge into the stream would violate the permit, so the question of concentration would become moot.

that the natural contours of Defendant's land cause drainage to flow onto her property.  Defendant has denied most of these allegations.  Again, the questions of fact need not be resolved here.  Plaintiff has satisfied the legal requirements of presenting the claim of traceability.

### iii. Redressability

Defendant has raised no argument that a judgment for Plaintiff will fail to redress the claimed injury.  Consequently, the element of redressability is uncontested, and it is presumed that a judgment in favor of Plaintiff will be sufficient to redress her injury.[4]

### b. 12(b)(6) Failure to State a Claim

Defendant's alternative argument that Plaintiff has failed to state a claim upon which relief can be granted is unpersuasive.  Plaintiff has satisfied the pleading requirements of a CWA citizens' suit, and has provided sufficient allegations of fact to place Defendant on notice as to the nature of the claims against it.  Plaintiff has established a legitimate claim

---

[4]Defendant has noted that the relief prayed for under the CWA and SWDA claims is the same, leading Defendant to assert that it will "risk double liability," citing Jones v. E.R. Snell Contractor, Inc., 333 F.Supp.2d 1344 (N.D. GA 2004).  Defendant's concern is premature.  Jones is a summary judgment case, whereas this case is before the court on a motion to dismiss.  It may be that at some future date, Plaintiff may (or may not) be compelled to elect between her remedies under the CWA and the SWDA.  See Altrutech, Inc. v. Hooper Holmes, Inc., 6 F.Supp.2d 1269, 1273 (D. Kan. 1998).  The undeveloped possibility of "double liability" is no basis for dismissal.

under the CWA, which, if proven, would entitle her to relief.

### c. SWDA Claim

Defendant seeks dismissal of Plaintiff's Solid Waste Disposal Act claim on the basis that it is already covered under the CWA.  Defendant relies on Jones v. E.R. Snell Contractor, Inc., which, as was already pointed out, was a summary judgment case.  This case, on the other hand, is at its early stages.  Defendant will not be prejudiced by having this case proceed on both theories of recovery.  The motion to dismiss with regard to the SWDA claim is denied without prejudice, subject to reassertion at a later date.

**CONCLUSION**

Plaintiff has established that she has standing to bring action under the Clean Water Act, and therefore, has satisfied the requirements for federal subject-matter jurisdiction.  The court declines to dismiss the Solid Waste Disposal Act claim, and therefore denies the motion to dismiss without prejudice.  Defendant's motion to dismiss is DENIED, subject to the provisions of this order.

IT IS SO ORDERED.

Dated this 30th day of July 2007, at Wichita, Kansas.

                                       S/Monti Belot
                                       Monti L. Belot
                                       UNITED STATES DISTRICT JUDGE