IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CAROL SUSAN KERSENBROCK,**
a/k/a Susan Kersenbrock,

    **Plaintiff,**

v.              Case No. 07-1044-MLB

**STONEMAN CATTLE CO., LLC,**

    **Defendant.**

## ORDER

  Counsel for Defendant, Stoneman Cattle Co., LLC, have filed a motion to withdraw as counsel. (Doc. 31.) Plaintiff opposes the motion until Defendant has complied with its disclosure obligations under Fed. R. Civ. P. 26(a)(1)(A)(iv). (Doc. 32.) Counsel for Defendant responds that Defendant's compliance with the rules should not delay or affect their motion to withdraw. (Doc. 33.) Counsel for Defendant has just filed a copy of the certified mail receipt for service of the motion to withdraw. (Doc. 34.)

  First, the Court will treat Plaintiff's opposition to the motion to withdraw (Doc. 32) as a motion to compel Defendant to comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A)(iv). *See* Fed. R. Civ. P. 37(c)(1) (failure to disclose information required by Rule 26(a)); Fed. R. Civ. P. 37(b)(1) (failure to obey an order to provide or permit discovery). Counsel have conferred about this topic as indicated by the

correspondence attached to Plaintiff's opposition and the Court finds that there has been adequate compliance with D. Kan. Rule 37.2.

Defendant is hereby ORDERED to provide for inspection and copying any insurance agreement under which an insurance business <u>may</u> be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. *See* Fed. R. Civ. P. 26(a)(1)(A)(iv).[1] This disclosure was to have been made by June 1, 2007, *see* Scheduling Order, Doc. 11 at ¶ II(a), and Defendant is clearly in default of its discovery obligations under that Scheduling Order.  This required disclosure shall be made on or before **September 7, 2007.**  <u>Defendant's failure to comply with the requirements of this Order may result in the imposition of sanctions in this case pursuant to Fed. R. Civ. P. 37(c)(1), including, but not limited to, the possibility that Defendant's answer could be stricken and judgment entered against it on Plaintiff's claims.</u> *See* Fed. R. Civ. P. 37(b)(2)(C).

Counsel for Defendants are to immediately notify Defendant of the requirements in this Order and to provide Defendant with a copy of this Order as part of their obligations under D. Kan. Rule 83.5.5 concerning motions to withdraw.  Upon the filing of a certificate of service that counsel has complied with these requirements by sending a copy of this

---

[1] The word "may" clearly means that if there is a possibility that an insurance policy could be applicable it must be produced

Order to Defendant by certified mail, return receipt requested, and upon the filing of the return receipt card for such service, the Court will enter a formal order allowing the withdrawal of Counsel for Defendant.

Defendant is advised that it is well-established in this circuit that a business entity such as a corporation or partnership may only appear in a court by a licensed attorney. ***Flora Constr. Co. v. Fireman's Fund Ins. Co.***, 307 F.2d 413, 414, 414 n.1 (10th Cir. 1962) (citing a score of cases in support of this proposition); ***Nato Indian Nation v. Utah***, No. 02-4062, 2003 WL 21872551, at *1 (10th Cir. Aug. 8, 2003).  Therefore, when the pending motion to withdraw is formally granted, Defendant will be required to obtain another licensed attorney to represent it in this case.  Due to the circumstances in this case, Defendant will be given ten (10) days from the entry of any order allowing present counsel to withdraw within which to retain substitute counsel and have that counsel enter his/her appearance in this case.

**IT IS SO ORDERED**.

Dated this 29th day of August, 2007, at Wichita, Kansas.

   s/  DONALD W. BOSTWICK  
Donald W. Bostwick  
U.S. Magistrate Judge